
FILED
MAR 15 2010

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| THOMAS PELLEGRINO, | ) | CIV. 09-4151 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| DOUGLAS WEBER, Warden, South Dakota State Penitentiary; | ) ) | AMENDED ORDER GRANTING IN FORMA |
| DR. EUGENE REGIER, Medical Director, SDSP/DOH Health Services; | ) ) | PAUPERIS STATUS, DIRECTING SERVICE, |
| DONEEN HOLLINGSWORTH, Secretary of Health, SD Department of Health; | ) ) | REQUIRING RESPONSE, AND REFERRING CASE |
| TIM REISCH, Secretary of Corrections, SD Department of Corrections; | ) ) | |
| JULIE SPURRELL, Clinical Supervisor, SDSP/DOH Health Services; | ) ) | |
| J.P. SYVERSON, Charge Nurse, SDSP/DOH Health Services; | ) ) | |
| JESS OAKLEY, Medical Assistant /Physician Assistant, SDSP/DOH Health Services; | ) ) ) | |
| VINCE NESHEIM, Nurse, SDSP/DOH Health Services; | ) ) | |
| NURSE SCOVILL, Nurse, SDSP/DOH Health Services; | ) ) | |
| LEANNE PETERSON, Nurse, SDSP/DOH Health Services; | ) ) | |
| COLLEEN TOMMERAASEN, Nurse, SDSP/DOH Health Services; | ) ) | |
| "HOLLY" (Nurse), SDSP/DOH Health Services; | ) ) | |
| GINA BUTTERWORTH, AR Coordinator & Secretary, SDSP; | ) ) | |
| MARY BURGGRAAF, Unit Coordinator, SDSP; | ) ) | |
| LEE PERSON, Unit Coordinator/ Corrections Officer, SDSP; | ) ) | |
| DOUG LOEN, Policy Analyst/SDSP Staff Attorney; | ) ) | |
| MR. T. ANAWSKI, Corrections Officer, SDSP; | ) ) | |
| DR. JEFF LUTHER, Medical Director, DOH Correctional Health Care; | ) ) | |

| | )|
|---|---|
| DR. WILLIAM BRUNNER, Dermatologist, Sanford Dermatology; SANFORD MEDICAL CENTER, a/k/a Sanford Hospital; CO (MAJOR) S. BAKER; T. LAIS, SDSP Unit Coordinator; DR. HESHAM ELGOUHARI; CBM FOOD SERVICES, c/o Marlin Sejnoha, Jr., agent for service of process; MARLIN SEJNOHA, JR., president of CBM Food Services; JOHN AND JANE DOE DIETICIANS; HEALTH CARE MEDICAL TECHNOLOGY, INC., c/o Judith F. Rost, agent for service of process; DR. MICHAEL ROST, president of HCMTI, all sued in their individual capacities only, except Sanford Medical Center, CBM Food Services, and Health Care Medical Technology, Inc. are sued in their individual and corporate capacity, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

On December 2, 2009, this court denied Thomas Pellegrino's motion to proceed in forma pauperis after finding that he had not successfully alleged imminent danger of serious physical injury as is necessary because he was previously designated a "three-strikes" litigant for purposes of 28 U.S.C. § 1915(g). Subsequent to that order, Pellegrino filed a "Notice of Stepped-Up Imminent Danger of Serious Physical Injury Involving Defendants' Willful Intent to Cause Plaintiff's Untimely Death." (Docket 15).

In the "Notice of Stepped-Up Imminent Danger," Pellegrino alleges that he was hospitalized at Avera McKennan Hospital between January 25, 2010, and February 5, 2010. While hospitalized, a surgical procedure was

2

performed on Pellegrino to remove excess stomach fluids, tie off blood vessels in Pellegrino's esophagus, and Pellegrino was given multiple units of blood because of low hemoglobin. Pellegrino now alleges that he is being denied follow-up medical care. These complaints are new and different than those addressed by the court in its December 2, 2009, order.

Pellegrino's allegation that he has been denied follow-up treatment for his excess stomach fluids, esophagus issues, and low hemoglobin meets the imminent-danger exception in § 1915(g). See McAlphin v. Toney, 281 F.3d 709, 710-11 (8th Cir. 2002) (plaintiff's allegations of five tooth extractions that had been delayed, and spreading tooth infection, were sufficient to meet imminent-danger exception).

Because Pellegrino's complaint meets the imminent-danger exception, the court will review whether Pellegrino is entitled to proceed in forma pauperis. The Prison Litigation Reform Act, 28 U.S.C. 1915, requires prisoners to make an initial partial filing payment where possible. Determination of the partial filing fee is calculated according to 28 U.S.C. § 1915(b)(1) which requires a payment of 20 percent of the greater of:

(A) the average monthly deposits to the prisoner's account; or
(B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Pellegrino has reported an average monthly deposit to his prisoner trust account for the past six months of zero, and an average monthly balance in

3

his account of a *negative* $1,113.35. Therefore, Pellegrino is not required to make an initial partial filing payment to proceed with this action.

Pellegrino next moves for appointment of counsel. Whether counsel should be appointed is discretionary with the court. The "court should consider the complexities of the legal issues raised, the difficulty of the alleged factual controversy prevented, and the overall background of the individual petitioner." Cates v. Ciccone, 422 F.2d 926, 927 (8th Cir. 1970). At this stage, the legal issues do not appear complex and the facts do not appear difficult or disputed. Thus, Pellegrino's motion for appointment of counsel is denied without prejudice.

Accordingly, it is hereby

ORDERED that Pellegrino's motion to proceed in forma pauperis (Docket 2) is granted.

IT IS FURTHER ORDERED that Pellegrino's motion for appointment of counsel (Docket 14) is denied.

IT IS FURTHER ORDERED that Pellegrino's motion to reconsider under Rule 59 (Docket 11) is granted based on Pellegrino's "Notice of Stepped-Up Imminent Danger."

IT IS FURTHER ORDERED that Pellegrino's motion for findings of fact and conclusions of law (Docket 12) is denied.

IT IS FURTHER ORDERED that the United States Marshal shall serve a copy of the complaint, "Notice of Stepped-Up Imminent Danger," summons,

and this order upon defendants as directed by Pellegrino. All costs of service shall be advanced by the United States.

IT IS FURTHER ORDERED that defendants shall serve and file an answer or responsive pleading to the complaint, together with a legal brief or memorandum in support thereof, on or before 21 days following the date of the service by mail.

IT IS FURTHER ORDERED that Pellegrino shall serve upon defendants, or, if appearance has been entered by counsel, upon their attorney, a copy of every further pleading or other document submitted for consideration by the court. He shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the court.

IT IS FURTHER ORDERED that the institution having custody of Pellegrino is hereby directed that whenever the amount in Pellegrino's trust account exceeds $10, monthly payments that equal 20 percent of the funds credited to the account the preceding month shall be forwarded to the United States District Court Clerk's office pursuant to 28 U.S.C. § 1915(b)(2), until the filing fee of $350 is paid in full.

IT IS FURTHER ORDERED that for purposes of appointment of counsel, conducting any necessary hearings, including evidentiary hearings, and submissions to this court of proposed findings of fact and recommendations for the disposition of this case, that the above entitled action is hereby referred to Magistrate Judge John Simko pursuant to 28 U.S.C. § 636(b)(1)(B).

Dated March 15, 2010.

BY THE COURT:

KAREN E. SCHREIER
CHIEF JUDGE